UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERON DARNELL LOVE,

        Plaintiff,

        v.                                Case No. 24-cv-0252-bhl

BRIDGETTE PROSPER,
YANA PUSICH,
WARDEN HEPP,
ANDREA BLECKER,
ICE WILSON,
TONIA MOON,
ICE MUENCHOW,
SGT. STONE,
DEPUTY WARDEN PROPSON,
CO ANDRADE,
TORRIA VAN BUREN,
BROOKE LEWIS,
ROBERT WEINMANN,
CAPT. BAUER,
ALLISON PACH, and
NURSE KAY,

        Defendants.

## SCREENING ORDER

Plaintiff Deron Darnell Love, who is currently serving a state prison sentence at Waupun

Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983,

alleging that his civil rights were violated. This matter comes before the Court on Love's motion

for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Love has requested leave to proceed without prepaying the full filing fee (*in forma*

*pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of

the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Love has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $31.62. Love's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Love, on October 22, 2022, he showed CO Prosper and Sgt. Stone a razor and told them that he was going to kill himself. He states that Prosper kept harassing him because of complaints he had made about her in the past, so he cut himself in front of them. He states that, for the next two weeks, he wrote to Robert Weinmann and Nurse Andrea Blecker and told them he needed medical treatment, but he was not seen or provided any kind of treatment or pain medication for his injuries. Love explains that he submitted an inmate complaint about the denial of treatment, but Weinmann allegedly falsely stated that Love had never informed health services about his self-harm. Love also alleges that Warden Hepp, Security Director Yana Pusich, Deputy Warden Emily Propson, ICE Wilson, ICE Tonia Moon, ICE Muenchow, Dr. Van Buren, Dr. Lewis, and Capt. Bauer all refused to take pictures of his injuries and failed to honestly investigate his complaints in an effort to cover up Prosper and Stone's alleged misconduct. Finally, Love alleges that, beginning on October 25, 2022, Sgt. Wilson contacted Nurses Allison Pach, Kay, and Andrea Blecker and informed them that Love had harmed himself and needed medical attention, but they refused to see him. Dkt. No. 1 at 2-5.

Love also alleges that, months later, on May 20, 2023, CO Andrade failed to stop Love from harming himself and allowed him to cut himself twice. Love asserts that he told Andrade

3

numerous times that he was suicidal because he had been placed in a cell with feces on the walls. Dkt. No. 1 at 2.

## THE COURT'S ANALYSIS

Prison officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Their duty extends to protecting inmates from imminent threats of serious self-harm, and the "obligation to intervene covers self-destructive behaviors up to and including suicide." *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). With this standard in mind, the Court will allow Love to proceed on deliberate indifference claims against Prosper and Stone based on allegations that they did not stop Love from cutting himself after he showed them a razor, told them he was suicidal, and began cutting himself in front of them. Love may also proceed on deliberate indifference claims against Weinmann and Blecker based on allegations that they ignored his numerous requests for medical treatment and pain medication after he cut himself. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Love also states a claim against Nurses Pach, Kay, and Blecker based on allegations that they refused to treat Love after an officer called the health services unit on three consecutive days to request medical care for Love's self-inflicted injuries.

Love does not, however, state claims against Hepp, Pusich, Propson, Wilson, Moon, Muenchow, Dr. Van Buren, Dr. Lewis, or Bauer based on allegations that they dismissed and/or ignored his written complaints in an effort to cover up Prosper and Stone's alleged wrongdoing. The Seventh Circuit long ago explained that, "[o]nly persons who cause or participate in the violations are responsible. . . . Ruling against a prisoner on an administrative complaint does not

4

cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (rejecting the argument that "that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself"); *see also Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009) (rejecting the argument that "any public employee who knows (or should know) about a wrong must do something to fix it").

Finally, the Court will not allow Love to proceed on a deliberate indifference claim against Andrade because he is not properly joined in this action. *See* Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party"). Under Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits." According to Love, seven months after his interactions with Prosper and Stone, he interacted with Andrade. Nothing in the complaint suggests that the factual basis for his claims against Prosper and Stone overlap with the factual basis for the claim he seeks to state against Andrade. Accordingly, those claims and Defendants cannot be joined in the same case. *See* Fed. R. Civ. P. 18(a) and 20(a).

**IT IS THEREFORE ORDERED** that Love's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Love fails to state a claim against Yana Pusich, Warden Hepp, ICE Wilson, Tonia Moon, ICE Muenchow, Deputy Warden Propson, Torria Van Buren, Brooke Lewis, and Capt. Bauer, so they will be removed from this action.

**IT IS FURTHER ORDERED** that CO Andrade is removed from this action pursuant to Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Love's complaint and this order are

5

being electronically sent today to the Wisconsin Department of Justice for service on Bridgette Prosper, Andrea Blecker, Sgt. Stone, Robert Weinmann, Allison Pach, and Nurse Kay.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Bridgette Prosper, Andrea Blecker, Sgt. Stone, Robert Weinmann, Allison Pach, and Nurse Kay shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Love is located.

**IT IS FURTHER ORDERED** that the agency having custody of Love shall collect from his institution trust account the $318.38 balance of the filing fee by collecting monthly payments from Love's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Love is transferred to another institution, the transferring institution shall forward a copy of this Order along with Love's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

6

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must

submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will

only delay the processing of the matter.

Love is further advised that failure to make a timely submission may result in the dismissal

of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any

change of address.  Failure to do so could result in orders or other information not being timely

delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge