UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERON DARNELL LOVE,

    Plaintiff,

v.                                  Case No. 24-cv-0252-bhl

BRIDGET PROSPER et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff Deron Darnell Love is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself. On December 13, 2024, Defendants filed a motion for summary judgment. Love's response materials are due January 13, 2025. On January 3, 2025, Love filed a motion for substitution of a new judge. He asserts that the undersigned is clearly on the Defendants' side because all decisions have been made in their favor. Shortly thereafter, Love filed a motion to compel and a motion to extend his deadline to respond to Defendants' summary judgment motion. According to Love, Defendants represented that on December 19, 2024, they sent him a thumb drive with his medical records. He asserts that he has not received the thumb drive, so he is unable to respond to Defendants' motion. The Court will deny Love's motion for substitution of a new judge, will deny his motion to compel, and will grant his motion for an extension of time.

    First, as to Love's motion for substitution of a new judge, the Court notes that, while a party to a civil action in *state* court may move once as a matter of course for the substitution of a judge, *see* Wis. Stat. §801.58, no such provision exists in *federal* court. To the extent Love

believes disqualification is warranted, the Court observes that, under 28 U.S.C. §455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." And under §455(b)(1), a judge must disqualify himself "[w]here he has personal bias or prejudice concerning a party." The Seventh Circuit has repeatedly emphasized that "adverse rulings are not evidence of bias." *Froemming v. City of West Allis*, 2024 WL 261315, at *3 (7th Cir. Jan. 24, 2024) (citations omitted). Love sets forth no facts giving rise to an inference of bias. His suggestion that bias can be inferred because the Court has denied his motions is meritless, as the Court explained the basis for each of its rulings. And Love's disagreement with this analysis is not evidence of bias. The Court will therefore deny Love's motion for substitution of a new judge.

Next, the Court will deny Love's motion to compel. Love concludes that, because he did not receive a thumb drive from Defendants' counsel, counsel must not have sent it. But Love provides no evidence to support his conclusion. It is equally plausible that, with the recent holidays, prison staff are delayed in delivering mail and/or arranging time for inmates to view electronic documents. The Court encourages Defense counsel to contact Love's institution to inquire about the delivery of the thumb drive. Perhaps some follow-up will help move things along. That said, the Court acknowledges that Love cannot respond to Defendants' motion if he has not yet viewed the supporting materials. Accordingly, the Court will grant his motion for an extension of time to respond to the motion.

**IT IS THEREFORE ORDERED** that Love's motion for substitution of a new judge (Dkt. No. 40) and his motion to compel (Dkt. No. 41) are **DENIED.**

**IT IS FURTHER ORDERED** that Love's motion for an extension of time to respond to Defendants' summary judgment (Dkt. No. 41) is **GRANTED**. If, by **February 27, 2025**, Love

does not respond to Defendants' summary judgment motion, the Court will assume all facts asserted by Defendants are true and will decide the motion without Love's input.

Dated at Milwaukee, Wisconsin on January 10, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge